IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01395-RPM

ROBERT FRITTS,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

 Defendant.

_____

ORDER AFFIRMING DENIAL DECISION
_____

  The applications of Robert Fritts for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act were denied by a decision of an Administrative Law Judge (ALJ) on December 22, 2005, after a hearing on October 20, 2005. His request for review by the Appeals Council was denied and the additional medical evidence submitted with it was rejected as being information relating to his condition after December 22, 2005, with the notation that if reliance is placed on that evidence a new application must be filed.

  The full administrative record has been provided to this Court for judicial review under 42 U.S.C. § 405(g). Mr. Fritts is not represented by counsel in this court. He did have an attorney at the hearing before the ALJ and that attorney submitted a Claimant's Brief in support of the request for review by the Appeals Council. That brief, appearing at R. 250-261, has been considered as the plaintiff's brief in support of the contentions made in the papers filed with his complaint.

Mr. Fritts contends that the ALJ was required to find presumptive disability at Step 3 of the five-step sequential evaluation process as required by the Listing for peripheral neuropathies, Listing 11.14, Pt. 404, Subpt. P, App. 1 in 20 C.F.R.  That listing refers to Listing 11.04 B. which reads as follows:

> Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).

Because of his service in the United States Army, Mr. Fritts has been receiving his medical care from the Veterans Affairs Medical Center (VAMC) in Grand Junction, Colorado, beginning in August, 2002.  In November, 2002, Dr. Neal Gilman, a neurologist, examined Mr. Fritts and conducted studies resulting in a diagnosis of "probable small fiber sensory peripheral neuropathy."  R. 101-103.  Neurontin was prescribed.  Dr. Gilman saw Mr. Fritts again on March 28, 2003, and repeated the diagnosis but added chronic low back pain and referred the patient to an internist.  In his report, Dr. Gilman said that the examination showed no weakness in the lower extremities.  Dr. Gilman also noted that Mr. Asbury was disturbed that he had been unable to obtain a truck driver's job because of the Neurontin.

Mr. Fritts had been seen by physician's assistant, Rodney Asbury, from time to time and in response to the patient's request, Mr. Asbury provided a note stating that he was temporarily disabled for the period April 4, 2003, through October 4, 2003.  R. 106.

Mr. Fritts was seen by Dr. Bret Barney, an internist, on September 1, 2003, for an examination and evaluation in response to the chief complaint of feet pain.  Dr.

Barney's assessment included "severe sensory peripheral neuropathy." R. 171. He noted hypersensitivity in the lower extremities below the knee. Dr. Gilman saw Mr. Fritts again in September, 2003, and found that the Neurontin was helping his pain. R. 173.

Dr. Barney continued to follow Mr. Fritts for various medical conditions, including hypertension, chronic tobacco abuse and severe peripheral neuropathy which was found to be stable in May, 2004. R. 178.

Because of complaints of back pain, an MRI was done on January 5, 2005, showing only mild degeneration of the L-4-5 disc and mild arthritis.

At the request of Mr. Fritts' lawyer, Dr. Barney completed a Medical Source Statement-Physical Capacities Evaluation on August 15, 2005. R. 211. On that form, Dr. Barney limited the patient's capacity to stand and walk to one hour at a time and four hours per day with sitting two hours at a time and a total of six hours during the day. He also noted that Mr. Fritts was taking methadone which might affect his ability to work and observed that he would expect that Mr. Fritts would be unable to perform any work four to five days per month.

There is nothing in the medical records to support the plaintiff's claim of presumptive disability as meeting the limitations in Listing 11.14.

The other principal argument made by the plaintiff is that the ALJ did not give sufficient weight to the medical reports of Dr. Barney and the physician's assistant at the VMAC but relied heavily on the medical opinions of Dr. Happer, the state agency medical consultant who based his evaluation on a review of the medical records. Dr.

Happer's report is dated June 19, 2003, R. 126-133, and does support the ALJ's determination that Mr. Fritts has the residual functional capacity to perform a full range of light work and therefore at Step 5, he was not disabled because he could do the jobs identified by the vocational expert at the hearing.

The opinions of the physician's assistant, Mr. Asbury, need not be given any deference by the ALJ. The ALJ did selectively accept some of Dr. Barney's findings and rejected others. The ALJ gave specific reasons for his rejection of Dr. Barney's opinions concerning work capacity. This Court must accept the ALJ's factual determinations and in this case, there is sufficient support in the medical records to warrant affirmance of the decision. Accordingly, it is

ORDERED that the denial decision is affirmed and this civil action is dismissed.

Dated: October 16th , 2007

                                                          BY THE COURT:

                                                          s/Richard P. Matsch

                                                          _____
                                                          Richard P. Matsch, Senior District Judge